The most important issue in this case is whether or not it should be remanded for a hearing on the safety valve issue. This case is somewhat similar to the case of U.S. v. Nelson in which the Court used parallel language with the gun enhancement and the safety valve, which are clearly different standards. The parties agreed that they were different standards and did inform the Court, but the Court's ruling does not indicate that it made this distinction when it denied the safety valve. The Court said there were a number of guns found in Mr. Greene's home, and then there were – there was a gun found in the residence of a co-defendant. And under the enhancement, he was found to have – the gun in the residence of the co-defendant, it was reasonably foreseeable that he should have been aware that the co-defendant might possess these weapons. Were there – in Head's place, there were four guns, and in Greene's, there were three or four? I'm sorry, Your Honor, I can't hear you. In Mr. Head's residence, there were, I think, four guns. And in Mr. Greene's residence, there were three or four. There were a number of firearms in Mr. Greene's residence. Yes. But the problem is, is that for the enhancement purposes, the guns in the – Mr. Head's residence did not qualify under the safety valve, because it's the reasonably foreseeable standard. There wasn't any argument that Mr. Greene himself was in possession of those weapons. And even the probation officer stated that with respect to the enhancement, which is a more lax standard, that was a close call. And then when we get down to the safety valve, the district court did not distinguish between the guns found in Mr. Head's residence, the guns found in Mr. Greene's residence, and the court simply stated, after stating that it was going to impose the gun enhancement, and said that this also has the effect of defeating the safety valve. And it's that parallel language also that was found in the Nelson case, a somewhat similar case. And it's not clear from the judge's ruling that it in fact understood in its ruling the difference between the two standards, and for that reason it should be remanded. We're almost in a situation where under either standard it seems that Mr. Greene, with all those guns and deep involvement in the drug trade, would not qualify for the safety valve, and he would qualify for the enhancement. It's hard to – I can understand the two standards, and there's that little narrow area in between, but I'm not sure that this is a case where we would think it necessary to fine-parse it. Well, Your Honor, Mr. Greene told the probation officer, and through his counsel's representations, that the guns that were in his house, some of them had been given to him by Mr. Williams, and the other ones were for a friend who they had been in a relationship with, and so he could show by a preponderance of the evidence that they were used in connection with the offense. And the – of course, the gun enhancement is a clearly improbable standard, and also he's liable for guns that he did not possess. And in light of the fact that the district court did not make a distinction between the various weapons, which is the same thing that happened in the Nelson case, because in the Nelson case he also had a number of weapons in and about his house that the court had not made the distinction from. And it's for that reason to be remanded. And in terms of the harmless error problem, because the probation officer stated that in respect with the enhancement, which is the tougher standard for Mr. Greene to plead, that even there it was a close call. So therefore, it would appear that in terms of the safety valve, given the Court's very vague ruling, failure to distinguish between the different standards and the different guns, and it's for that reason I believe it should be remanded. The government says that even though the judge was not real clear on the burden, but in the process was referring to the discussion back and forth in which the burden was clearly mentioned, and the difference between the two requirements. I think, well, even if someone discussed guns, I mean, I'm not sure that the specific language that it seems, even that again is vague, but still, just discussing guns and actually using them and possessing them in connection with, because those are the guns, we're not just, the standard does not imply discussing of guns, it's talking about possession of guns. And it's the possession of guns. So, for example, Mr. Greene spoke all day long and there were wiretaps, you know, and he was constantly discussing guns, you know, and this, that and the other. But there were two of the guns belonged to Mr. Williams, though. That's true. That's true. Who was the head of the whole conspiracy. That's true. But again, according to So wouldn't that be a connection with? Well, Mr. In terms of Mr. Greene, the whole point was is that to have them not be in connection with the offense, that's why he gave them to Mr. Greene, and the other weapons, and again, you know, it may be somewhat of a fine distinction, but because the Court confused it, I think that the appropriate remedy would be under the Nelson case to remand it, to allow the, Mr. Greene to make his arguments focused solely on the safety valve and to the Court to make the ruling based on the safety valve and not to meld the two, which is what happened in this case. If the Court has no other questions, I'll save them for some time. All right. Thank you, counsel. May it please the Court. I'm Assistant United States Attorney Cheryl Murphy, and I'd also like to address the Nelson case and the safety valve issue here before the Court. The district court did not equate the burdens of proof in this case, as was the problem in the Nelson case. In the Nelson case, the district court's ruling used the exact language, the clearly improbable language from 2D1.1 in ruling on the safety valve. So it was clear from the record in Nelson that the Court had made a mistake and had confused the two burdens. In this case, however, it's not clear that that's what happened, and in fact, the record indicates that the Court was aware of the difference in the burdens, and there's an extensive discussion or argument between Mr. Potter, who was the trial court attorney for Mr. Green, and the government at the sentencing hearing. It's in the excerpts of record at pages 100 to 106, where this notion of the differing standards is discussed and where it's acknowledged that there could be that window of opportunity that the Court mentioned where someone could not meet the burden for 2D1.1, but could meet their burden for safety valve. That's simply not the case that we have here. What the Court's ruling was, was that the firearm, granted there were seven firearms, so it's unclear which firearm he was referring to or whether, in fact, just the S was left off of that word, but the firearm also has the effect of defeating the safety valve. And I think, Your Honors, that it's clear that's more analogous to the Smith case, where the Court is referring to the conduct at issue and not, in fact, confusing the burdens of proof here. So even, however, if the Court – if this Court were to conclude that the district court had made a mistake, it was nonetheless harmless error, because given the facts of this case, there's simply no way that Mr. Green could establish by a preponderance of the evidence that he did not possess, at a minimum, the guns that Mr. Williams gave to him and that he had in his residence with drug paraphernalia, his residence where telephone calls were made in furtherance of the conspiracy, and where he had possessed some of the methamphetamine that had been manufactured, at least on one occasion. So even if the Court had erred with the burden, it simply wouldn't have any impact in this case, and remand would be unnecessary. The counsel said – I mean, the government – the judge said, beyond a reasonable doubt, which isn't really the standard, isn't that right? He said, beyond a preponderance of – he used the word beyond. I don't recall that in the record, Your Honor. I do know that with respect to the safety valve, there was just the one sentence that the Court said, which was that the firearm also has the effect of defeating the safety valve here. So I don't recall the Court holding Mr. Green to a higher standard as far as beyond a reasonable doubt. Well, I thought maybe it was just a slip of the tongue, but he did use the word beyond, rather than just the preponderance of the standard. He meant to say by, probably, but – I think that the Court is correct on that point. But in any event, given the harmless error analysis, even if the Court was not as clear as we would like in this ruling, remand simply isn't necessary in this case to tidy that up. If there are no other questions. Thank you, Your Honor. Thank you, counsel. Have you had some time left? No, Your Honor. All right. Thank you very much. U.S. v. Green will be submitted, and U.S. v. Head has already been submitted. We will take up Rogers v. Galazza.
judges: B. Fletcher, Hug, Wardlaw